Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*Moose Toys Pty Ltd.,*
*Moose Creative Pty Ltd.,*
*Moose Enterprise Pty Ltd, and*
*Moose Creative Management Pty Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOSE TOYS PTY LTD, MOOSE CREATIVE PTY LTD, MOOSE ENTERPRISE PTY LTD, and MOOSE CREATIVE MANAGEMENT PTY LTD,<br><br>*Plaintiffs*<br><br>v.<br><br>ADSAD23, BLUESSHAPE, CHENGCHENG2022, CHIOE, DIANESZ, DIY SELF-CREATE, EWREER, FSDFVJHJUJGVH, GFDGFDGDFGFD, HJHJTG, HRJFHJGFJDYJ, IIIUUHH, JIN MA LOGISTICS CO., LTD., LIJIE2020, LULUNA, MAGIC HOUSE STORE, MAMAJI, NGFHD, PEIPEILI, RGJFJYKK, SDFGFFG, SEXY NO.1, SHANGYIXIANJIN, SRIMAL, THENEWFAMILYAPPLIANCESTORE, YU MING QI SHOP, YUECAIGUANG STORE, ZHANGLILI2020 and ZHANGYU789,<br><br>*Defendants* | 21-cv-2368 (LAK)<br><br>[~~PROPOSED~~]<br>PRELIMINARY<br>INJUNCTION ORDER |

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiffs or Moose** | Moose Toys Pty Ltd, Moose Creative Pty Ltd, Moose Enterprise Pty Ltd and Moose Creative Management Pty Ltd |
| **Defendants** | adsad23, bluesshape, chengcheng2022, CHioe, Dianesz, DIY Self-Create, ewreer, fsdfvjhjujgvh, gfdgfdgdfgfd, hjhjtg, hrjfhjgfjdyj, iiiuuhh, Jin Ma Logistics Co., LTD., lijie2020, luluna, Magic House Store, MAMAJI, NGFHD, peipeili, rgjfjykk, sdfgffg, Sexy No.1, shangyixianjin, srimal, Thenewfamilyappliancestore, Yu ming qi shop, yuecaiguang store, zhanglili2020 and zhangyu789 |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint filed on March 18, 2021 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 18, 2021 |
| **Groves Dec.** | Declaration of Michelle Groves in Support of Plaintiffs' Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiffs' Application |
| **Moose Product(s)** | Innovative children's lifestyle products |
| **Moose Brand(s)** | Well-known brands, including Shopkins, Pikmi Pops, The Trash Pack, Glitzi Globes, Little Live Pets, The |

| | |
|---|---|
| | Ugglys, Chocolate Bar Maker, Beados and The Zelfs, among others |
| **Goo Jit Zu Marks** | U.S. Trademark Registration Nos.: 6,026,606 for "HEROES OF GOO JIT ZU" for a variety of goods in Classes 16 and 28 and 6,021,573 for "GOO JIT ZU" for a variety of goods in Classes 16 and 28 |
| **Goo Jit Zu Work** | U.S. Copyright Reg. No. VA 2-186-160, covering the Heroes of Goo Jit Zu Series 1, Wave 1 Collector's Guide |
| **Goo Jit Zu Products** | A collection of action figures that, when stretched and squished, have a unique slime-like goo filling and mesmerizing texture |
| **Counterfeit Products** | Products bearing or used in connection with the Goo Jit Zu Marks and/or Goo Jit Zu Work, and/or products in packaging and/or containing labels bearing the Goo Jit Zu Marks and and/or Goo Jit Zu Work, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Goo Jit Zu Marks and/or Goo Jit Zu Work and/or products that are identical or confusingly or substantially similar to the Goo Jit Zu Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |

| **Financial Institutions** | ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiffs having moved *ex parte* on March 18, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery ("Application");

WHEREAS, the Court entered an Order granting Plaintiffs' Application on March 31, 2021 ("TRO") which ordered Defendants to appear on April 9, 2021at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 5, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application on each and every Defendant;

WHEREAS, on April 9, 2021at 11:00 a.m., Plaintiffs appeared at the Show Cause Hearing, however, no Defendants appeared.

## ORDER

1. Defendants and all persons in active concert and participation with them who receive actual notice of this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending, the final determination of this action:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Goo Jit Zu Marks and/or Goo Jit Zu Works and/or marks or works that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Goo Jit Zu Marks and/or Goo Jit Zu Works;

ii. directly or indirectly infringing in any manner Plaintiffs' Goo Jit Zu Marks and/or Goo Jit Zu Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Goo Jit Zu Marks and/or Goo Jit Zu Works to identify any goods or services not authorized by Plaintiffs;

iv. using Plaintiffs' Goo Jit Zu Marks and/or Goo Jit Zu Works or any other marks or artwork that are confusingly or substantially similar to the Goo Jit Zu Marks and/or Goo Jit Zu Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or

        evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) below.

2. This Order is binding upon Defendants and all persons in active concert and participation with them who receive actual notice of this Order.

3. As sufficient cause has been shown, within seven (7) days of receipt of notice of this Order, any newly discovered persons in active concert and participation who receive actual notice of this Order, including any Financial Institutions who satisfy those requirements, shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account

numbers and account balances for any and all Defendants' Financial Accounts.

4. Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

5. Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall respond to such requests within fourteen (14) days of service to Plaintiffs' counsel.

6. Within fourteen (14) days after receiving notice of this Order, all Financial Institutions served with this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:
    i. account numbers;
    ii. current account balances;
    iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;
    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every

of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit

Products, or any other products bearing the Goo Jit Zu Marks and/or Goo Jit Zu Work and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Goo Jit Zu Marks and/or Goo Jit Zu Work.

7. Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Goo Jit Zu Marks and/or Goo Jit Zu Work and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Goo Jit Zu Marks and/or Goo Jit Zu Works.

8. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on Defendants if it is completed by any of the following means:

a) delivery of: (i) PDF copies of this Order or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order to Defendants' e-mail addresses to be determined after having been identified by ContextLogic pursuant to **Paragraph V(C)**.

9. As sufficient cause has been shown, service of this Order may be made on the Third Party Service Providers and Financial Institutions by any of the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, Inc. will be able to download a PDF copy of this Order via electronic mail to ContextLogic Inc.'s counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com, Brittany Smith, at Brittany.Smith@btlaw.com, and

Rocky Cislak, at Rocky.Cislak@btlaw.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

10. The $10,000 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

11. Any Defendants or other person or entity subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 1st day of July, 2021, at 4:35 p.m.
New York, New York

_____
HON. LEWIS A. KAPLAN

8