UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MOOSE TOYS PTY LTD, et al.,

                Plaintiffs,

      -against-                                                21-cv-2368 (LAK)

ADSAD23, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/21

## MEMORANDUM ON ENTRY OF DEFAULT JUDGMENT

LEWIS A. KAPLAN, *District Judge.*

        I write to explain why I have not signed the proposed default judgment submitted by plaintiffs' counsel without significant modifications.

        1.     Plaintiffs' counsel repeatedly have submitted to the undersigned in various similar cases proposed temporary restraining orders that, if signed, would have purported to restrain actions of persons or entities who were not parties to the actions. In this case, Section III(3) of the proposed default judgment submitted in this action, if signed, purportedly would have contained a permanent injunction against persons or entities that are not parties to this action and, as far as the record discloses, have not been served with process.

        As the Court previously has explained to plaintiffs' counsel, the Second Circuit has made it abundantly clear that:

> "no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is *pro tanto brutum fulmen,* and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant, or must be legally identified with him." *Alemite Manufacturing Co. v. Staff,* 42 F.2d 832-33 (2d Cir. 1930) (L. Hand, J.).

2

This remains the law. *E.g., Levin v. Tiber Holding Co.*, 277 F.3d 243, 250 (2d Cir. 2002); *see also, e.g.*, Fed. R. Civ. P. 65(d). The fact that judges (perhaps on occasion including this one) have not always detected counsel's violation of this principle in *ex parte* submissions does not signify that the law is any different.

Should these counsel in other cases continue to submit proposed orders and judgments inconsistent with the holding in *Alemite*, sanctions may be imposed.

2. Other portions of the proposed default judgment, if signed as submitted, would have granted relief going beyond that sought in the complaint.[1] These have been stricken because Fed. R. Civ. P. 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

SO ORDERED.

Dated:   August 20, 2021

_____
Lewis A. Kaplan
United States District Judge

---

[1] This was true of portions of Section III.